UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUSTAVO ROBLES,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>                Defendants. | Civil Action No. 22-05371(JXN)(JSA)<br><br>**OPINION** |

**NEALS**, District Judge

      Before the Court is Plaintiff Gustavo Robles's motion for default judgment against Defendants Grecia K. Pinto and Charles Cetta, Jr. (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 89). Defendants each submitted *pro se* letters in response to the motion. (ECF Nos. 91, 92.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Amended Complaint is **DISMISSED** for lack of subject matter jurisdiction, and Plaintiff's motion for default judgment is **DENIED**.

**I.    BACKGROUND**

      Plaintiff Gustavo Robles ("Robles" or "Plaintiff") initiated this civil action on September 1, 2022, asserting federal and state-law claims arising from ongoing proceedings in the New Jersey Superior Court, Family Division, together with related investigations conducted by the New Jersey Department of Children and Families ("DCF") and the Division of Child Protection and Permanency ("DCP&P"). (ECF No. 1.) Following certain deficiencies in service, the Court granted Plaintiff several extensions to file an amended pleading and to effect service. (*See* ECF Nos. 3–5.)

Plaintiff filed the operative Amended Complaint on January 30, 2023. (ECF No. 6.) The Amended Complaint names more than thirty defendants in various capacities—state entities, state officials in official and individual capacities, DCF employees, judicial officers, private evaluators, and private individuals. (*See* Am. Compl. ¶¶ 1-32.) As relevant here, the Amended Complaint identifies Defendant Grecia K. Pinto ("Pinto") as the mother of Plaintiff's minor child and a party adverse to Plaintiff in the underlying custody and parenting-time proceedings before the New Jersey Superior Court, Family Division ("state court"). Defendant Charles Cetta, Jr. ("Cetta") is alleged to be Pinto's "paramour" who, according to Plaintiff, participated in or contributed information to DCP&P caseworkers and to the state court during the course of those proceedings. (*see, e.g.,* Pl.'s Cert. in Supp. of Mot. for Default ¶ 15 (ECF No. 89-4) ("Pinto conspired with her paramour Mr. Charles Cetta Jr., and planned to remove/restrict Plaintiff's parental rights with his son.") Both Defendants are pleaded as private individuals; the Amended Complaint does not allege that either Pinto or Cetta held any governmental role, exercised state authority, or otherwise acted as state officials or instrumentalities. (Am. Compl. ¶¶ 36–39, 140–143, 187–189.) Plaintiff contends that certain statements or submissions attributed to Pinto and Cetta were false, biased, or improperly motivated.[1] Based on these allegations, Plaintiff asserts claims against Pinto and Cetta for malicious abuse of process (Count VII) and purports to assert a claim against Pinto under the

---

[1] The Amended Complaint exhibits several specific acts that Plaintiff alleges were undertaken by Pinto and Cetta. Among other things, Cetta acted in concert with Pinto (Am. Compl. ¶ 32), and that both Defendants (1) "fabricated evidence" that precipitated a DCP&P investigation (Am. Compl. ¶ 38); (2) participated in or induced coaching of the child such that the Special Victims Unit evaluation reflected "non age-appropriate words" and other indicia of suggestibility (Am. Compl. ¶¶ 39–41); (3) "in concert with" DCP&P, exaggerated or fabricated evidence during the investigation (Am. Compl. ¶ 42); (4) caused or presented e-mails allegedly from the child that Plaintiff alleges were fabricated (Am. Compl. ¶ 62); (5) engaged in motion practice and other filings in family-court and appellate proceedings that Plaintiff characterizes as based on false allegations and lacking legal basis (Am. Compl. ¶ 189); and (6) are connected in the complaint to more specific allegations concerning inappropriate touching by Cetta that underlie Plaintiff's complaints to DCP&P (*see, e.g.*, Am. Compl. ¶¶ 69, 105). These and related averments form the factual predicate for Plaintiff's abuse-of-process and related claims. (Citing Am. Compl. ¶¶ 31–32, 36–42, 62, 67, 69, 94–96, 105, 187–189.)

2

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (Count VIII). (*See* Am. Compl. ¶¶ 187–198, 199–214.)

Several named defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6). (*See* ECF Nos. 15, 31, 38, 55, 61, 71, 72.) On September 26 and 28, 2024, the Court issued an Opinion and accompanying Orders granting the motions to dismiss filed by the Judiciary Defendants, DCF Defendants, private defendants represented by Connell Foley LLP, and other defendants[2] whose motions were administratively consolidated. (ECF Nos. 78–79.) The Court dismissed the Amended Complaint as to these moving defendants on multiple grounds—including Eleventh Amendment immunity, judicial immunity, failure to state a claim under § 1983 or the ADA, and failure to state a claim for malicious abuse of process. (ECF Nos. 77-78.) In the same decision, the Court ordered Plaintiff to submit proof of timely service of process as to Defendants Pinto and Cetta by October 11, 2024, in compliance with Rule 4(m). (ECF No. 79.)

On October 11, 2024, Plaintiff filed certificates of service purporting to show that Pinto and Cetta were served with the Amended Complaint on February 13, 2023. (*See* ECF Nos. 80–81.) Because neither Pinto nor Cetta had answered, appeared, or otherwise responded to the Amended Complaint, the Court issued a Letter Order on October 16, 2024, noting that the time to respond had expired and advising that the action would be listed for dismissal under Local Civil

---

[2] The extant motions to dismiss were brought by the following groups of defendants: (1) Dr. Tamsen Thorpe (ECF No. 15); (2) the Judiciary Defendants — the State of New Jersey, the Administrative Office of the Courts (AOC), Administrative Director Glenn A. Grant, Presiding Judge Peter J. Melchionne, Judge Nina C. Remson, and David Tang (ECF No. 31); (3) the Bergen Family Center Defendants — Sheila Steinbach and Constance Ritzler (ECF No. 38); (4) the New Bridge Defendants — Asad Hussain, Renee Kuperinksy, Michelle Thorpe, Rene Compean, and Shahan Sibtain (ECF No. 55); (5) the DCPP / DCP&P Defendants — Carmen Diaz-Petti, Christine Norbut-Beyer, Lori Makridakis, Lori J. Laverty, Gregory Maier, Suni Brown, and Shante Singletary (ECF No. 61); and (6) the group of private-practice mental-health providers identified in the docket as the "Audrey Hepburn" Defendants — Stephanie Anismatta, Psy.D.; Kirsten Byrnes, Psy.D.; Richard Coco, Psy.D.; Michelle Fanciullo, Psy.D.; Brett Biller, Psy.D.; Kyongok Kim, LCAT; and Michelle Mroz, LCSW (ECF No. 71). (*See* ECF Nos. 70, 77–79.)

Rule 41.1(a) absent further action. (ECF No. 82.) As a result, on November 6, 2024, Plaintiff requested the Clerk's entry of default. (ECF Nos. 83–84.) The Clerk entered default against Pinto and Cetta on November 12, 2024. Thereafter, on January 21, 2025, Pinto and Cetta, *pro se*, filed letters in response, though neither constituted an appearance or a responsive pleading. (*See* ECF Nos. 86–87.)

On April 28, 2025, the Court entered a notice of call for dismissal under Local Civil Rule 41.1(a). (ECF No. 88.) In response, Plaintiff filed the instant motion for default judgment on May 6, 2025. (ECF No. 89.) The motion seeks default judgment, monetary damages, and other relief against Pinto and Cetta on the claims asserted in the Amended Complaint. (*See id*.) On June 3, 2025, Pinto and Cetta each submitted *pro se* letters informally requesting the dismissal of this action and, in substance, explaining their inability to retain counsel and their view that the claims against them are unfounded. (ECF Nos. 91, 92.)[3] This motion is now ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits a party to apply for and the court to enter default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits ....'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp*., 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of

---

[3] Pinto's letter states that she is unrepresented, lacks the financial means to retain counsel, and asks the Court to dismiss the case in light of the emotional and familial strain associated with related Family Part and DCP&P proceedings. (ECF No. 91.) Cetta's letter likewise asserts indigence and unfamiliarity with civil procedure, clarifies his limited connection to the dispute through Pinto, challenges the factual and legal basis of the claims against him, and requests dismissal and assistance in obtaining counsel. (ECF No. 92.) The Court has considered these submissions for their contextual and equitable relevance, but they do not constitute responsive pleadings and therefore do not negate the Clerk's prior entry of default. *See* Fed. R. Civ. P. 55(a).

*claims on the merits*, '[the Third Circuit] does not favor entry of defaults and default judgments.'" *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Before entering default judgment pursuant to Rule 55(b), a court performs a thorough analysis of a plaintiff's claims and entitlement to relief. First, the defendant must have been properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). Second, the court must have subject matter jurisdiction over the dispute and personal jurisdiction over the parties. *See Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017). Third, the complaint must sufficiently state a cause of action. *See Chanel*, 558 F. Supp. 2d at 536 (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). Fourth, the court must weigh the three default judgment factors: (1) whether the party subject to the default has a meritorious defense, (2) whether the party seeking default would be prejudiced without it, and (3) whether the default resulted from the defendant's culpable conduct. *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *7 (D.N.J. Apr. 20, 2021) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015)). Finally, the plaintiff must have proven damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III.     **DISCUSSION**

The Court considers Plaintiff's motion for default judgment under Federal Rule of Civil Procedure 55(b). The Clerk entered default against Defendants Pinto and Cetta. (ECF No. 84.) That ministerial entry does not relieve the Court of its independent obligation to determine whether the Amended Complaint, accepted for present purposes as to well-pleaded facts, states claims on

which relief may be granted. *Comdyne I, Inc.*, 908 F.2d 1142, 1149–50. The Court must still determine "whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Chanel*, 558 F.Supp.2d at 535 (citing *Directv, Inc. v. Asher*, 2006 WL 680533, at *1).

### A. Procedural Posture and *Pro Se* Submissions

Plaintiff has established certain procedural prerequisites[4] for adjudication of this motion: Plaintiff filed certificates of service as to Defendants Pinto and Cetta (ECF Nos. 80–81), sought the Clerk's entry of default (ECF Nos. 83–84), and the Clerk entered default on November 12, 2024. Defendants, *pro se,* later filed letters asserting indigence, confusion about their inclusion in the suit, and a request for dismissal. (ECF Nos. 91–92.) Those letters are docketed and considered. They do not, however, constitute responsive pleadings sufficient to defeat the procedural default. *See* Fed. R. Civ. P. 55(a); *$55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95. Nevertheless, the letters are relevant to the culpability inquiry, and they bear on whether the default reflects willful evasion or excusable neglect. *See $55,518.05*, 728 F.2d at 195; *Doe v. Hesketh*, 828 F.3d 159, 174–75 (3d Cir. 2016).

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 E3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). The Third Circuit has noted that "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend,

---

[4] The Court has personal jurisdiction over Defendants Pinto and Cetta. Plaintiff filed proofs of service demonstrating that both defendants were properly served with the Amended Complaint in accordance with the Federal Rules of Civil Procedure 4(m) (ECF Nos. 80–81), and neither defendant timely challenged service or personal jurisdiction by motion or responsive pleading. *See* Fed. R. Civ. P. 4(k)(1)(A), 12(h)(1).

the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Pue v. New Jersey Transit Corp.*, No. 22-2616, 2023 WL 2930298, at *2 (3d Cir. Apr. 13, 2023) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 195 (noting that "[t]he threshold question" in deciding whether a default should be set aside "is whether [the defendant] has established a meritorious defense"). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

To maintain subject matter jurisdiction over a lawsuit, the Court must either have diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. Neither exists here.[5] Plaintiff asserts claims against Pinto under Titles II and III of the ADA, thereby invoking federal question jurisdiction. *See* 28 U.S.C. § 1331. (*See* Am. Compl. ¶¶ 190-225.) Upon closer review, it is apparent that Plaintiff's federal ADA claims do not support federal question jurisdiction, and this Court lacks subject matter jurisdiction over Plaintiff's federal claims against Pinto.

### 1.  Federal Claims — Titles II and III of the ADA (Count VIII)

A court will not enter judgment against defaulting Defendants when a complaint would most likely not survive a Rule 12(b)(6) challenge for failure to comply with the *Twombly*/*Iqbal* pleading requirements. *Richardson v. Cascade Skating Rink*, No. 19-08935, 2020 WL 7383188, *3 (D.N.J. Dec. 16, 2020) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009);

---

[5] The Court notes that Plaintiff did not attempt to plead diversity jurisdiction under 28 U.S.C. § 1332, which it seems would have been futile given that both the Plaintiff and Defendants Pinto and Cetta appear to be citizens of New Jersey.

*Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)). Plaintiff's federal claims under Title II and III of the ADA cannot survive that gatekeeping review.

To state a claim under the ADA, a plaintiff must demonstrate: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Calloway v. Boro of Glassboro Dep't of Pol.*, 89 F.Supp.2d 543, 551 (D.N.J. 2000). Plaintiff has not pled any facts to support a viable claim against Pinto under either Title II or III of the ADA.

First, Plaintiff's claim against Pinto under Title II of the ADA fails because only public entities may be liable for violations of Title II of the ADA. *See Dalton v. Saint Barnabas Med. Ctr.*, No. 21-05354, 2025 WL 2808156, at *10 (D.N.J. Sept. 30, 2025) (citing *Doe v. Div. of Youth & Fam. Servs.*, 148 F. Supp. 2d 462, 489 (D.N.J. 2001)). A "public entity" as defined by the statute is "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1). Thus, even assuming *arguendo* that Plaintiff has a qualifying disability under 42 U.S.C. § 12102(1), Plaintiffs' Title II ADA claim against Pinto fails "because defendants who are not public entities or who are not sued in their official capacities cannot be liable for Title II violations." *Wilson v. New Jersey Division of Child Protection and Permanency*, No. 13-CV-3346, 2019 WL 13260178, at *20 (D.N.J. Aug. 23, 2019); *see also Matthews v. Pa. Dep't. of Corr.*, 613 F. App'x. 163, 169-70 (3d Cir. 2015) (affirming the dismissal of Title II and ADA claims against defendants because they were not

public entities); *Rosenberg v. Whitehead*, No. 10-4419, 2011 WL 868809, at *6-7 (D.N.J. Mar. 10, 2011).

Second, Plaintiff's claim for relief under Title III of the ADA also fails because Title III speaks only to public accommodations and services operated by private entities.[6] *Wolf v. New Jersey*, No. 19-16979, 2023 WL 2367991, at *6 (D.N.J. Mar. 6, 2023), *aff'd*, No. 23-1635, 2024 WL 5154023 (3d Cir. Dec. 18, 2024). Title III provides generally: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Liability under Title III of the ADA is limited to private entities that own, lease[,] or operate a place of public accommodation, or individuals who own, lease[,] or operate a place of public accommodation." *Evans v. President of Thomas Jefferson Univ. Hosp.*, No. 22-1371, 2022 WL 2916685, at *4 (E.D. Pa. July 25, 2022) (citing *Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002)). At issue in this case is Plaintiff's assertions that he was denied appropriate accommodations during state court proceedings. However, Plaintiff does not allege that Pinto "own[s], lease[s] or operate[s] a place of public accommodation," and, therefore, Plaintiff has not stated a plausible Title III claim against Pinto.

Here, as the allegations in Plaintiff's Amended Complaint make clear, Pinto is not a public entity and is not being sued in any official capacity. Pinto is the mother of Plaintiff's minor child and is named in this lawsuit solely based on her role as an adverse litigant in proceedings before the New Jersey Superior Court involving Plaintiff and/or their child. (Am. Compl. ¶¶ 31–39, 140–

---

[6] Title III of the ADA governs twelve specifically enumerated categories of "public accommodation," which include, inter alia, restaurants, bars, movie theaters, auditoriums, laundromats, zoos, daycare centers, and gymnasiums. 42 U.S.C. § 12181(7).

43, 187–89.) As Plaintiff has failed to plead any viable cause of action against Pinto under either Title II or III of the ADA, the Court will, *sua sponte*, dismiss with prejudice Count VIII of the Amended Complaint, as any amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

### 2. State-Law Claim — Malicious Abuse of Process

The Amended Complaint asserts a claim of malicious abuse of process (Count VII), alleging that Pinto and Cetta provided statements to DCP&P caseworkers, influenced evaluators, and engaged in litigation-adjacent conduct. (Am. Compl. ¶¶ 31–39). Because the Court dismisses the federal claims and there is no other apparent basis for subject matter jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Generally, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id*. *See also Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017). Here, none of the aforementioned considerations warrant exercising jurisdiction over Plaintiff's remaining state law claim. Plaintiff may bring his malicious abuse of process in state court, if appropriate. Accordingly, Plaintiffs' remaining state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's federal ADA claims (Count VIII) against Defendant Pinto are **DISMISSED *with prejudice***; Plaintiff's remaining state law claims (Count VII) against Pinto and Cetta are **DISMISSED *without prejudice*** for lack of subject matter

jurisdiction; and Plaintiff's motion for default judgment (ECF No. 89) is **DENIED**. An appropriate Order shall follow.

**DATED**: December 22, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge